FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENJAMIN S., | No. 2:22-CV-82-RHW |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 11, 12. Attorney D. James Tree represents Benjamin S. (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). This matter was referred to the undersigned magistrate judge for issuance of a report and recommendation. ECF No. 15. After reviewing the administrative record and the briefs filed by the parties, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment, ECF No. 11, be granted and Defendant's Motion for Summary Judgment, ECF No. 12, be denied.

## I.  JURISDICTION

Plaintiff filed claims for benefits on March 29, 2016, alleging disability beginning February 25, 2014. The claims were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Sue Leise held a hearing on

REPORT AND RECOMMENDATION . . . - 1

April 19, 2018, and issued an unfavorable decision on July 25, 2018. Tr. 14-35. This Court subsequently remanded the matter on August 19, 2020. Tr. 1636-52. ALJ Cecilia LaCara held a second hearing on November 10, 2021, and issued an unfavorable decision on December 27, 2021. Tr. 1542-66. Plaintiff appealed this final decision of the Commissioner on April 25, 2022. ECF No. 1.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## III.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV.  ADMINISTRATIVE FINDINGS

On December 27, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 1542-66.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 25, 2014, the alleged onset date. Tr. 1547.

At **step two**, the ALJ determined through the date last insured, Plaintiff had the following severe impairments: major depressive disorder; anxiety disorder; personality disorder; posttraumatic stress disorder (PTSD); polysubstance use disorder. Tr. 1548.

At **step three**, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 1548.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform 1 to 2-step tasks that are simple, routine, and repetitive with only occasional changes in the work setting and no highly paced,

assembly line type work; and could have no interaction with the public and only occasional, superficial interaction with coworkers with no tandem tasks. Tr. 1549-50.

At *step four*, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 1556.

At *step five*, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically the jobs of industrial cleaner, auto detailer, and merchandise marker. Tr. 1557.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date of the decision. Tr. 1557.

## V.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; and (B) whether the ALJ properly evaluated Plaintiff's subjective complaints. ECF No. 11 at 2.

## VI.  DISCUSSION

### A.  Medical Evidence.

Because Plaintiff filed his applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ misevaluated two medical opinions. ECF No. 11 at 13-19. The Court addresses each in turn.

REPORT AND RECOMMENDATION . . . - 4

1. <u>**N.K. Marks, Ph.D.**</u>

Dr. Marks examined Plaintiff on February 18, 2016, and opined, as relevant here, Plaintiff had severe limitations asking simple questions or requesting assistance, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, completing a normal workday/workweek without interruptions from psychologically-based symptoms, and setting realistic goals and planning independently. Tr. 852. The ALJ gave Dr. Marks's opinion "little weight." Tr. 1554.

The ALJ first discounted the doctor's opinion as inconsistent with the doctor's "contemporaneous exam and observation," noting, among other things, Plaintiff "remained capable of engaging with Dr. Marks" and "demonstrated well-organized speech with a thought process within normal limits." Tr. 1554. This is not a reasonable inconsistency. Plaintiff's performance during his clinical interview with Dr. Marks – conducted in a close and sterile setting with a psychiatric professional – is not reasonably inconsistent with the doctor's opined limitations concerning Plaintiff's ability to, among other things, complete a normal workday/workweek without interruption from psychologically-based symptoms. The ALJ accordingly erred by discounting the doctor's opinion on this ground.

The ALJ also discounted the doctor's opinion as based on Plaintiff's self-report of symptoms. Tr. 1554. The ALJ found Plaintiff's "complaints have not been entirely consistent with other evidence of record": "Notably, for example, over the longitudinal period at issue, there was some mention of appearing anxious or depressed, but the severity of such did not preclude the claimant from cooperating and engaging with various providers and evaluators. Likewise, despite his subjective complaints of reduced cognition due to anxiety, the claimant generally presented with normal attention and concentration, as well as, intact memory." Tr. 1554. This was erroneous for two reasons. First, as a general matter, the record indicates the opinion was based on clinical observations and

does not indicate Dr. Marks found Plaintiff to be untruthful.  Therefore, this is no evidentiary basis for rejecting the opinion.  *Cf. Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology.  Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up).  Second, the purported inconsistencies relied upon by the ALJ are not reasonable.  As discussed above, Plaintiff's ability to cooperate and engage with mental health professionals is neither inconsistent with allegations of anxiety or depression nor Dr. Marks's opined limitation concerning Plaintiff's ability to complete a normal workday/workweek.  When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence.  *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where the ALJ's "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").  The ALJ did not do so here.

The ALJ accordingly erred by discounting Dr. Marks's opinion.

### 2.    *Tasmyn Bowes, Psy.D.*

Dr. Bowes examined Plaintiff on September 28, 2018, and opined, as relevant here, Plaintiff had marked limitations communicating and performing effectively in a work setting and completing a normal workday/workweek without interruptions from psychologically-based symptoms.  Tr. 2429.  The ALJ rejected these assessed marked limitations.  Tr. 1555.

The ALJ discounted Dr. Bowes's opined marked limitations on virtually the same ground used to discount the opinion of Dr. Marks's.  Tr. 1554-55 (noting Plaintiff's presentation and ability to cooperate and engage with Dr. Bowes and

other providers). As discussed above, this is not valid reason to discount Dr. Bowes's opined limitations concerning Plaintiff's ability to complete a normal workday/workweek without interruption from psychologically-based symptoms. The ALJ accordingly erred by discounting Dr. Bowes's opinion.

B.  **Plaintiff's Testimony.**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 11 at 7-12. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

First, the ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 1550-52. However, because the ALJ erred by discounting the opinions of Drs. Marks and Bowes, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

Second, the ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's improvement with treatment. Tr. 1550-52. Substantial evidence does not support this ground, and the ALJ's finding is erroneous under Ninth Circuit precedent. *See Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the

REPORT AND RECOMMENDATION . . . - 7

nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

The record reflects Plaintiff presented over the years with psychological symptoms of varying intensity. *See, e.g.*, Tr. 398 (April 5, 2014, mental health assessment noting Plaintiff "has thoughts, plan, and means to commit suicide by hanging"); Tr. 761 (April 5, 2014, treatment note indicating Plaintiff "[h]as had suicidal thoughts. Has highly lethal plan for suicide. The method is available."); Tr. 526 (February 27, 2016, treatment note indicating Plaintiff "was suicidal with plans to kill himself"); Tr. 790 (May 29, 2016, treatment note indicating Plaintiff "was found to need involuntary detention for depression and suicidal ideation"); Tr. 815 (July 18, 2016, treatment note indicating "PHQ was increased by 6 [*i.e.*, 12] from baseline [of 6, as assessed on June 17, 2016], indicating an increase in depression" and "GAD was increased by 8 [*i.e.*, 15] from baseline [of 7, as assessed on June 17, 2016], indicating more serious anxiety"); Tr. 864 (December 24, 2017, treatment note indicating Plaintiff "has been thinking about 'Suicide by Cop'"); Tr. 2021 (August 25, 2018, treatment note indicating involuntary hospitalization, recent self-harm, and suicidal ideation); Tr. 3658-61 (July 12, 2020, treatment note indicating involuntary hospitalization, recent suicide attempt, and "PHQ-9 score [of] 20 consistent with severe depression"). Accordingly, that Plaintiff reported doing well and presented with no acute distress at times is thus not inconsistent with Plaintiff experiencing waxing-and-waning mental health symptoms at other times. The ALJ erred by discounting Plaintiff's testimony on this ground.

REPORT AND RECOMMENDATION . . . - 8

Third, the ALJ appeared to discount Plaintiff's testimony on the ground Plaintiff was non-compliant with treatment: "He reported he had been off medication for about 1.5 months and that he had been using methamphetamine and heroin. … The claimant disclosed that he had not engaged in mental health treatment, including medication management." Tr. 1552-53. This reasoning is erroneous. The Ninth Circuit has made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Fourth, the ALJ discounted Plaintiff's testimony as inconsistent with his activities. Tr. 2924. In support, the ALJ first noted Plaintiff "volunteered at a homeless shelter as the security person" and "helped move supplies." Tr. 1552. The ALJ also noted Plaintiff, at one point in time, went "to the gym regularly and play[ed] videogames with an old friend." Tr. 1553. These activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603), nor sufficiently undermine Plaintiff's allegations, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). The ALJ also noted Plaintiff engaged in "short-lived" work as a security guard in March 2020. To the extent the ALJ discounted Plaintiff's testimony on this basis, the ALJ erred. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007) ("[I]f working for almost nine months is not evidence that a disability benefit recipient is no longer disabled, then a nine week unsuccessful

work attempt is surely not a clear and convincing reason for finding that a claimant is not credible regarding the severity of his impairments.").

Finally, the ALJ discounted Plaintiff's testimony on the ground Plaintiff applied for and obtained unemployment benefits. Tr. 1552. Substantial evidence does not support this finding. "[T]he record here does not establish whether [Plaintiff] held himself out as available for full-time or part-time work. Only the former is inconsistent with his disability allegations. Thus, such basis for the ALJ's credibility finding is not supported by substantial evidence." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

The ALJ accordingly erred by discounting Plaintiff's testimony.

## VII.   CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical opinions and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). The Court thus respectfully recommends remanding this matter for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Drs. Marks and Bowes, reassess Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment, **ECF No. 11**, be **GRANTED**; Defendant's Motion for

REPORT AND RECOMMENDATION . . . - 10

Summary Judgment, **ECF No. 12**, be **DENIED**; and the District Court Executive enter **Judgment for PLAINTIFF and CLOSE the file**.

### VIII.   OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within fourteen (14) days after receipt of the objection.  Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions.  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(3); Local Magistrate Judge Rules for the Eastern District of Washington Rule 2.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel.

DATED September 1, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE